TEMPLE NATIONAL BANK ET AL V. W. W. WARNER.

No. 697.   Decided November 3, 1898.

1. **Value of Property—Evidence to Show Deed a Mortgage—To Show Rental Value.**

Though on the issue whether a deed was intended as a mortgage evidence of the value of the property at date of the deed was admissible, evidence of its increased value at time of trial was not, nor was it admissible to prove value of rents, though such value was in issue. (Pp. 227, 228.)

2. **Intervention.**

An intervener is not entitled to judgment upon a note and mortgage which he had transferred prior to intervening and did not reacquire till afterwards. (P. 228.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from Bell County.

The Temple Building and Investment Company and the Temple National Bank having intervened in a suit brought by Warner against Merrick, appealed from an adverse decision therein, and on its affirmance by the Court of Civil Appeals obtained writ of error.

*Harris & Saunders,* for plaintiffs in error.—The only legitimate effect the evidence of the value of the real estate could have in the case would be on the question as to whether the conveyance made by Warner and wife to Merrick was intended as a deed absolute or a mortgage; and the inquiry ought to have been confined to the value of said property at the time of the execution of the conveyance; and the evidence of the value at the time of the trial, when the property had greatly increased in value since the conveyance was made, being admitted, was calculated to mislead the jury.

*A. M. Monteith,* for defendant in error, cited: Bradner on Ev., sec. 4, p. 10; Underhill on Ev., 7, 14, 16; Rice on Ev., 489 et seq.; Insurance Co. v. Weide, 11 Wall., 438; Trull v. True, 33 Me., 367; Wade v. Leroy,

20 How., 34; Insurance Co. v. Weides, 14 Wall., 375; Railway v. Douglas, 73 Texas, 325; Douglass v. Duncan, 66 Texas, 122; Insurance Co. v. Ende, 65 Texas, 121; Hughes v. Railway, 67 Texas, 595; Tucker v. Smith, 68 Texas, 479; Railway v. Thompson, 75 Texas, 506; White v. Wadlington, 78 Texas, 162.

DENMAN, ASSOCIATE JUSTICE.—July 6, 1889, Warner executed to Merrick an instrument in the form of an absolute deed, conveying two lots in Temple, Texas, for a consideration of $1700, recited as paid, and placed him in possession, and at the same time Merrick executed an instrument to Warner purporting to give him the privilege of repurchasing the property within two years upon the payment of $1700, which instrument was duly recorded same day. August 1, 1889, Merrick executed his notes to the Temple Building and Investment Company, amounting to $1235.16, and secured them by trust deed on said property. August 7, 1889, Merrick executed to the Temple National Bank through one of its officers a note for $700 in consideration of past indebtedness, and secured it by trust deed upon said lots and delivering possession of same.

This suit was brought by Warner against Merrick to have said deed declared a mortgage to secure $1700, agreed to be paid by him for one-half interest in a saloon business, and to cancel the lien of such mortgage on the ground that Merrick fraudulently misrepresented to him the value of the stock of goods in said business to be $3400, and that there were no debts against same, when in truth it was of little value and was much involved, necessitating his paying out large sums, amounting to more than the $1700, in order to save the property, and for recovery of possession of the property and rents. Merrick answered, contesting Warner's claim. The bank and the building and investment company each intervened, asking a foreclosure of its lien secured as aforesaid. By supplemental petition Warner sought to recover the property and rents from interveners. During the trial Merrick withdrew his defense and virtually confessed that Warner was entitled to judgment against him. The cause then proceeded between Warner and interveners, two of the principal issues between them being, (1) whether the instrument from Warner to Merrick was in fact intended as a mortgage or a conditional deed, and (2) what was the rental value of the property.

On the trial, plaintiff, after showing the value of the property at the date of the instrument, was permitted by the court to show its greatly increased value at the time of the trial, over the objection of the interveners to the effect that the evidence was irrelevant and did not tend to prove the issue as to whether the instrument was intended as a deed or mortgage, but was calculated to mislead the jury and prejudice their minds against interveners. Judgment was rendered (1) in favor of Warner against Merrick and interveners for title and possession of the land, and against the bank for $1950 rents, and all costs; (2) in favor of the bank against Merrick for the amount of its claim and costs, and (3) against the building and investment company that it take nothing. Both

interveners having appealed to the Court of Civil Appeals, assigning that the court below erred in admitting said testimony, and the Court of Civil Appeals having affirmed the judgment, they have brought the case to this court by writ of error, complaining of the admission of said testimony.

It is clear that it was competent for Warner to testify as he did, that at the time of the execution of the instruments in 1889, the property was really worth $3000, as that tended to show the improbability of his having sold it for $1700, as recited in the deed. It is equally clear that the fact that it was worth at the time of the trial in 1896, according to the testimony objected to, probably as much as $6500, did not shed any light upon the issue as to whether the parties at the time the instrument was executed intended thereby merely to secure money or conditionally sell the land, but was calculated to prejudice interveners' cause by showing that the transaction had turned out profitably to the grantee. In fact, it does not seem to be controverted that the evidence was both irrelevant and prejudicial upon the issue of mortgage or conditional sale. It is, however, sought to justify its admission upon the issue above stated of the rental value of the property down to the time of the trial; and this is the ground upon which the Court of Civil Appeals concluded it was admissible. No authority has been cited nor have we been able to find one upon the point.

We are of opinion that upon principle the position can not be maintained. Proof of value would not of itself have supported a verdict for rent, and such proof is not in this case shown to be a circumstance tending to establish any other fact bearing upon such issue. We do not think that from the evidence of value any reasonable inference or presumption as to the rents can be drawn or arises. For the error above noticed, the judgment will be reversed and the cause remanded only as between Warner and the bank. Such error is not cause for reversal as to the Temple Building and Investment Company, for it was in no event entitled to judgment, for the reason that, as found by the jury and Court of Civil Appeals, it did not own the notes it sued upon at the time its plea of intervention was filed, July 21, 1893, but had previously transferred them to the bank and did not reacquire them until after the filing of said plea, and there is nothing in the record to show that they were involved in this suit prior to said plea. Merrick makes no complaint of the judgment against him.

*Reversed and remanded.*